# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RAY TAYLOR,<br><br>        Plaintiff,<br><br>    v.<br><br>RALPH DIAZ, et.al.,<br><br>        Defendants. | Case No.: 1:20-cv-00225-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION BE DENIED<br><br>[ECF No. 3] |

Plaintiff James Ray Taylor is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for a temporary restraining order or preliminary injunction, filed February 13, 2020.

**I.**

**DISCUSSION**

The purpose of a temporary restraining order or a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction [or

1

temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a temporary restraining order or preliminary injunction simply cannot prevail when that motion is unsupported by evidence.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. V. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

A federal court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The Court may not attempt to determine the rights of persons not before it. See Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983).

"Plaintiff alleges that by merging the Sensitive Needs prisoners with the General Population prisoners at the institution he is confined is a 'failure of prison officials to protect inmates from attacks by other inmates' and from 'dangerous conditions' which is a clear violation of the Eighth

Amendment." (Mot. at 5, ECF No. 3.)[1] Plaintiff contends a temporary restraining order and preliminary injunction are necessary to prevent irreparable injury. Plaintiff's request for a temporary restraining order and preliminary injunction should be denied.

As an initial matter, the Court takes judicial notice of the fact that CDCR's Inmate Locator system located at http://inmatelocator.cdcr.ca.gov reflects that Plaintiff is now housed at California City Correctional Facility.[2] Therefore, since Plaintiff is no longer housed at Avenal State Prison, and there is no evidence demonstrating that Plaintiff has a reasonable expectation of returning to Avenal State Prison, Plaintiff's request for injunctive relief is moot in light of his transfer. Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (*per curiam*); see also Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007).

Further, Plaintiff fails to demonstrate a specific threat of harm to him. Plaintiff declares that he is a general population inmate and does not want to put himself in a situation where he may have to defend himself. Plaintiff further declares that on January 7, 2019 and March 25, 2019, he received a rules violation report because he refused to be assigned to a merged yard, which implies that Plaintiff has not been housed in the yards subject to the merger. Plaintiff also submits the declaration of Kim McGill, Organizer of the Youth Justice Coalition, who declares that the merging of the sensitive needs yards and general population will (1) increase "incidents of violence and conflict"; (2) "[j]eopardizes the milestones and growth people have worked so diligently to obtain"; (3) [w]ill lead to longer sentences and increased incarceration costs, thus contributing to overcrowding that a federal law suit, AB 109 realignment and other changes in law and policies were intended to address"; and (4) "[u]ndermines efforts made through changes in state law to reduce overcrowding, increase fairness in sentencing, and reduce violence through greater access to rehabilitative programming and increased hope for release…." (Mot. at 14, ECF No. 3.) However, Plaintiff fails to present specific factual

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

[2] The Court may take judicial notice of public information stored on the CDCR inmate locator website. See In re Yahoo Mail Litig., 7 F.Supp.3d 1016, 1024 (N.D. Cal. 2014) (court may take judicial notice of information on "publicly accessible websites" not subject to reasonable dispute); Louis v. McCormick & Schmick Restaurant Corp., 460 F.Supp.2d 1153, 1155 fn.4 (C.D. Cal. 2006) (court may take judicial notice of state agency records).

details to demonstrate that there is a particular threat to him by the merger. Moreover, Plaintiff's conclusory allegations in the complaint relating to violent incidents in the past do not demonstrate that there is a substantial risk of harm to Plaintiff or that prison officials are being deliberately indifferent to his safety. Therefore, Plaintiff's motion for injunctive relief should be denied.

## II.

## CONCLUSION AND RECOMMENDATION

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Further, for the reasons explained above, it is HEREBY RECOMMENDED that Plaintiff's motion for a temporary restraining order and/or preliminary injunction be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __February 21, 2020__

UNITED STATES MAGISTRATE JUDGE